IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>BETTY J. HOOKS,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>ESCAMBIA COUNTY BOARD OF EDUCATION,<br><br>    Defendant. | Civil Action No.<br>1:05-cv-00125-WS-C |

## CONSENT DECREE

This action was brought by The United States of America ("Plaintiff") against the Escambia County Board of Education ("Board" or "Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended ("Title VII"). On April 6, 2005, Betty J. Hooks ("Plaintiff-Intervenor") filed a Motion to Intervene and Complaint in Intervention. On June 3, 2005, the Court granted Hooks' Motion and directed that her Complaint in Intervention be docketed. Both the Plaintiff and the Plaintiff-Intervenor allege that Ms. Hooks, a female formerly employed as a custodian at Escambia County Middle School, was discriminated against because of her sex by being subjected to a sexually hostile work environment in violation of Title VII, and retaliated against because she complained of the harassment, also in violation of Title VII. This Court has jurisdiction

of the action under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1343 and 28 U.S.C. § 1345.

The parties, desiring to appropriately settle this action, agree to the jurisdiction of this Court over them and the subject matter of this action, and hereby waive the entry of findings of fact and conclusions of law. The parties accept this Consent Decree ("Decree") as final on the issues it resolves. This Decree shall not constitute an admission, adjudication or finding on the merits of this action, and the Escambia County Board of Education denies that any unlawful discrimination has occurred.

In resolution of this action, the parties hereby AGREE and the Court expressly APPROVES, ENTERS and ORDERS the following:

## I. DEFINITIONS AND PARTIES

1.   The parties to this Decree are the United States of America, Betty J. Hooks, and the Escambia County Board of Education.

2.   The terms "supervisor" and "administrator" include all employees of the Board who manage, supervise, or have authority to affect the hiring, firing, discipline, assignments, or pay rates of employees of the Escambia County Board of Education, and all persons who establish policies or procedures for the Escambia County Board of Education.

3.   The Equal Employment Opportunity Commission is referred to hereinafter as "EEOC."

4.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., is referred to hereinafter as "Title VII."

5.   "Sexual harassment" is any act that would be prohibited under Title VII's

2

prohibitions against gender discrimination such as unwelcome sexual advances, requests for sexual favors, verbal, physical or other conduct of a sexual nature, or acts of animosity or hostility based on sex (whether or not sexual in nature), any of which creates or tends to create a hostile work environment based on sex for an employee of the Escambia County Board of Education.

6. "Day" or "days" refers to calendar and not business days.

7. "Date of entry of this Decree" refers to the date that the Court orders entry of the Decree.

## II. PURPOSES OF THIS DECREE

8. The purposes of this Decree are to ensure that:

a. employees of the Escambia County Board of Education are not subjected to sexual harassment in violation of Title VII;

b. employees of the Escambia County Board of Education are not retaliated against in violation of Title VII;

c. all complaints of sexual harassment made by Escambia County Board of Education employees are investigated fairly and promptly, and that the Board takes appropriate remedial action when it, through its responsible deciding official(s), determines that the complaints are well-founded;

d. the Board maintains a clear, meaningful and well-publicized policy prohibiting sexual harassment and prohibiting retaliation in all facilities, including all

schools, of the Escambia County Board of Education;

e. the Board designates a supervisory employee of the Escambia County Board of Education who shall oversee the receipt and investigation of complaints of sexual harassment, and who has no dual role as legal counsel for the board regarding claims of employment discrimination, or any other conflict of interest;

f. the Board provides adequate training to Escambia County Board of Education employees, and to all Escambia County Board of Education supervisors, administrators or officials responsible for making determinations regarding complaints of sexual harassment, with regard to workplace sexual harassment prohibited by Title VII, as provided for below; and

g. the Board offers Ms. Hooks appropriate individual relief.

### III. SCOPE OF DECREE

9. This Decree resolves all legal and equitable claims arising out of the Complaint and the Complaint in Intervention filed in the above-captioned civil action and EEOC Charge Number 130-2003-00347.

### IV. SPECIFIC RELIEF

10. The parties agree to do the following:

a. the Board agrees to offer Ms. Hooks, a monetary award of $165,000.00, of which $45,000.00 will be attributed to back pay, $58,000.00 will be attributed

4

   to compensatory damages and $62,000.00 will be attributed to attorneys' fees and costs, which by her signature and that of her attorney to this Consent Decree, and her signature to the Release that accompanies this Consent Decree, Ms. Hooks has agreed to accept.

b.  Ms. Hooks, by her signature and that of her attorney to this Decree, affirms that she does not presently desire a position with the Board. Accordingly, the Board is not required to offer Ms. Hooks reinstatement relief.

c.  if Ms. Hooks applies for employment with the Board in the future, she will be given fair and objective consideration. The Board will not subject Ms. Hooks to discrimination because of her sex, or retaliate against her.

d.  the Board will not provide negative employment references for Ms. Hooks to any future prospective employer that inquires about her past employment with the Escambia County Board of Education, nor will it refer in any way to Ms. Hooks' filing of complaints or charges of sexual harassment or this lawsuit when communicating with prospective employers seeking a reference for Ms. Hooks. In order to ensure that Ms. Hooks does not receive negative employment references, the Board will:

  i.  remove from Ms. Hooks' personnel files any and all documents that refer to any internal complaints of sexual harassment made by Ms. Hooks during her employment with the Board, the charge of

        discrimination filed by Ms. Hooks with the EEOC (Charge No. 130-2003-00347), the United States' investigation of Ms. Hooks' charge of discrimination, and this lawsuit; and

   ii.   instruct all of Ms. Hooks' former supervisors who are incumbent Board employees that they may not give out employment references for Ms. Hooks, but will direct the inquiring entity(s) or person(s) to the Board's Department of Human Resources. If a reference is requested by a prospective employer, the Board will confirm the length of Ms. Hooks' employment, the positions she held during her employment with the Escambia County Board of Education, and her past wage history.

11.   The Board will pay the monetary award specified in paragraph 10(a), <u>supra</u>, in the following manner:

   a.   The Board will pay to Ms. Hooks, in care of her attorney, the sum of $103,000.00 in two equal installments. The first installment is to be paid on or before September 10, 2006. The second installment is to be paid no earlier than January 1, 2007, and no later than January 15, 2007. Each installment shall include $29,000.00 (one-half of the plaintiff-intervenor's compensatory damages) plus a gross amount of $22,500.00 (one-half of the plaintiff's back pay). The gross back pay amount will be reduced by appropriate wage withholdings to be made by the Board of Education. The Board will also issue

to Ms. Hooks the appropriate IRS forms that reflect the monetary amounts.

b. The Board will pay $62,000.00 to Stein, Brewster and Pilcher in complete satisfaction of Ms. Hooks' claim for attorney's fees and expenses in this action. Said payment shall be made on or before September 10, 2006.

## V. GENERAL INJUNCTIVE RELIEF

12. The Escambia County Board of Education, and all employees, supervisors, agents, and individuals in active concert or participation with them are enjoined from:

   a. subjecting any employee of the Escambia County Board of Education to sexual harassment;

   b. retaliating against any employee of the Escambia County Board of Education for complaining of sexual harassment;

   c. creating, facilitating, or tolerating sexual harassment or a hostile work environment based on sex with regard to any employee of the Escambia County Board of Education.

## VI. POSTING AND DISSEMINATION OF SEXUAL HARASSMENT POLICY

13. The Board states that it has revised its sexual harassment policy and now requires its employees to sign a declaration stating that they have reviewed a copy of the policy and understand.

14. Within ninety (90) days after the date of entry of this Decree, the Board, through a designated supervisory employee, shall insure that every current employee of the

Board has signed such a declaration. The Board shall ensure that all future employees sign such a declaration within fifteen (15) days of such employees' hire.

15. The Board shall post its sexual harassment policy in prominent, conspicuous, centrally-located places commonly used for posting notices (e.g., bulletin boards) in all Escambia County Board of Education buildings and administrative offices. The Board shall designate one supervisory employee at each facility of the Board who is responsible for taking reasonable action to ensure that these documents remain posted, that they are not defaced or altered in any fashion, and if they are defaced or altered in any fashion, that they are immediately replaced.

## VII. TRAINING

16. The Board states that it provides all employees, supervisors, administrators and officials with training in personnel policies at the beginning of each school year. As part of this annual training schedule, the Board shall provide mandatory training regarding sexual harassment to all Escambia County Board of Education employees, and to all Escambia County Board of Education supervisors, administrators or officials responsible for making determinations regarding complaints of sexual harassment made by Escambia County Board of Education employees. This training shall be conducted by a person or entity of the Board's choosing. The Board shall identify this person or entity to the United States no less than forty-five (45) days before the date of the mandatory training. The Board shall take all reasonable actions to ensure attendance by its employees at the training sessions. The United

States reserves the right to require the Board to provide additional training to employees of the Escambia County Board of Education should it determine that such training is warranted, or that the training provided fails to comply with the provisions of this Decree.

17. The Board will include a unit on sexual harassment as part of its regular, ongoing in-service training of all Escambia County Board of Education employees.

18. All employees of the Escambia County Board of Education will be asked by the Board or its designated representative to sign and date an acknowledgment of attendance for any and all training instituted pursuant to this Decree.

## VIII. EVALUATION OF EMPLOYEES

19. Within sixty (60) days after the date of entry of this Decree, the Board shall adopt, as a criterion for evaluating the performance of all employees who have supervisory or managerial authority over other employees of the Escambia County Board of Education, a factor that takes into account those individuals' awareness of and compliance with the Board's sexual harassment policy.

## IX. PROCEDURES FOR ACCEPTANCE AND INVESTIGATION OF COMPLAINTS OF SEXUAL HARASSMENT

20. Within thirty (30) days after the date of entry of this Decree, the Escambia County Board of Education shall designate a Board Equal Employment Opportunity Officer ("EEO Officer") and an alternative Board employee ("Alternative EEO Officer") (collectively, the "EEO Officers") (or other similarly-titled employees) who are authorized to receive and investigate complaints of sexual harassment by employees, either directly from

the employees themselves or via the employees' supervisors or other officials, as provided by the Board's Sexual Harassment Policy. The EEO Officers shall investigate all complaints of sexual harassment received by them and shall recommend appropriate action pursuant to the Board's Sexual Harassment Policy within twenty (20) business days of receipt of the initial complaint. The EEO Officers shall keep written records of all such complaints and their responses thereto. The EEO Officers shall maintain neutral roles and must remain free of conflicts of interest.

21. Within fifteen (15) days of the entry of this Consent Decree or of the date upon which the Board designates the Board EEO Officer and Alternative EEO Officer (whichever occurs later), the Board shall inform employees of the Escambia County Board of Education in writing of the name and contact information of the designated EEO Officers.

22. At least one of the EEO Officers shall be present at each training session required pursuant to paragraph 16, supra. At least one of the EEO Officers also shall be present at the presentation of the unit on sexual harassment during the in-service training required pursuant to paragraph 17, supra. The names and phone numbers of both EEO Officers shall be distributed in writing to employees of the Escambia County Board of Education during each of those training sessions.

## X. COMPLIANCE MONITORING

23. For a period of twenty four (24) months after the effective date of this Decree, the Board will issue quarterly reports to the United States regarding any complaint of sexual

harassment made by an employee of the Escambia County Board of Education. The first report will be due ninety (90) days after the effective date of this Decree, with a report due every ninety (90) days thereafter until the dissolution of this Decree. In the report, the Board will provide copies of the complaint, the date of receipt and nature of the complaint, and the findings and outcome of the investigation and any actions taken as a result of such findings. Absent extenuating circumstances, which must be explained in the report, all investigations of complaints of sexual harassment made by an employee of the Escambia County Board of Education must be completed within twenty (20) days of the receipt of the complaint.

24. During the term of this Decree, the Board shall retain all documents, in paper or electronic form (including electronic mail), that come into its possession relating to complaints of sexual harassment from an employee or former employee of the Escambia County Board of Education, and all documents relating to the training required pursuant to this Decree.

25. The United States may review compliance with this Decree at any time, although no such review shall occur within forty-five (45) days of any prior review. The Board shall provide copies of documents relevant to its compliance with this Decree upon the request of the United States within fourteen (14) days of such a request by the United States, including but not limited to the documents described in paragraph 24, supra, and the United States shall pay the reasonable costs of making such copies. The Board shall not be required to provide any documents that are or may be protected by the attorney-client privilege, the attorney work product privilege, or any other applicable privileges. If the

United States believes that this Decree or any portion of it has been violated, it will raise its concerns with the Board pursuant to the dispute resolution procedure set forth in paragraph 26, infra.

## XI. DISPUTE RESOLUTION

26. The parties shall attempt to resolve informally any dispute that arises under this Decree. The Board will be given at least twenty-one (21) days to cure any alleged breach of this Decree before the United States moves the Court for a resolution of the issue.

## XII. MODIFICATION OF THE DECREE

27. The parties may jointly agree to modifications of this Decree with the approval of the Court.

## XIII. JURISDICTION OF THE COURT

28. The Court shall maintain jurisdiction over this case throughout the duration of this Decree for the purpose of resolving any disputes between the parties with respect to the terms or implementation of the Decree.

## XIV. TERMINATION DATE

29. This Decree will expire without further order of the Court twenty-four (24) months after the effective date of the Decree.

## XV. GENERAL PROVISIONS

30. Except as specifically provided in Paragraphs 10 and 11 supra, all parties shall bear their own costs, expenses, and attorney's fees in this action, including the costs of compliance or monitoring, except that the parties shall retain the right to seek costs for any

matter which, in the future, may arise from this Decree and require resolution by this Court.

31.   All documents required to be delivered under this Decree to the United States shall be sent to the following address:

> Chief, Employment Litigation Section
> United States Department of Justice
> Civil Rights Division, PHB Room 4040
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530

**For Escambia County Board of Education:**

_____
Mark S. Boardman
Alicia Fritz Bennett
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
(205) 678-8000
(205) 678-0000 (fax)
Dated: August 7, 2006

**For Betty J. Hooks:**

_____
Gregory B. Stein
STEIN, BREWSTER & PILCHER, LLC
205 N. Conception Street
Post Office Box 1051
Mobile, Alabama 36633-1051
(251) 433-2002
(251) 432-7756 (fax)
Dated: AUGUST 9, 2006

13

**For the United States Department of Justice:**
WAN J. KIM
Assistant Attorney General
Civil Rights Division

By: /s/ _____
DAVID J. PALMER
Chief
ROBERT L. GALBREATH
LESLIE M. GARDNER
Attorneys
Employment Litigation Section
Civil Rights Division
U.S. Department of Justice
Dated: August 3, 2006

**IT IS SO ORDERED**

_____
United States District Judge

Dated: 8/14/06

# APPENDIX A

## RELEASE OF ALL CLAIMS

For and in consideration of the acceptance of the relief being offered to me by the Escambia County Board of Education (the "Board"), pursuant to the provisions of the Consent Decree that has been submitted for entry by the Honorable William H. Steele, United States District Judge, in United States and Betty J. Hooks v. Escambia County Board of Education, Civil Action No. 05-0125-WS-C (S.D. Ala.), including a monetary award of $165,000.00. I, Betty J. Hooks, forever release and discharge the Board and all current, former and future agents, employees, officials, designees, predecessors, and successors in interest of the Board from all legal and equitable claims, arising out of the Complaint and Complaint in Intervention filed in the above-captioned civil action and EEOC Charge Number 130-2003-00347, that have accrued prior to the date of this release. I further agree that I will not institute another civil action alleging employment discrimination on the basis of EEOC Charge Number 130-2003-00347, or any other EEOC charges filed against the Board before the date of this release.

I understand that the relief to be given to me, including the payment to me of any monetary amount, does not constitute an admission by the Board of the validity of any claim raised by me or on my behalf.

This release constitutes the entire agreement between the Board and me without exception or exclusion.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this 9 day of August, 2006.

_____
Betty J. Hooks

_____
Attorney for Betty J. Hooks

Appendix A to Consent Decree
05-cv-00125-WS-C
Page 1 of 2

STATE OF ALABAMA )
                 )
<u>Mobile</u>    COUNTY )

    I, the undersigned, a Notary Public in and for said County in said State, hereby certify that **Betty J. Hooks**, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, she executed the same voluntarily on the day the same bears date.

    Given under my hand this <u>9th</u> day of <u>August</u>, 2006.

*Jessica L. Wright*
Notary Public
My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sep 8, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS